# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 97-20503
Summary Calendar

---

OLLEN NUGENT,

Plaintiff-Appellant,

versus

DALE MYERS; SAM PRESSWOOD;
WALKER COUNTY COMMISSIONERS,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Southern District of Texas
(H-95-CV-3504)

---

June 3, 1998

Before POLITZ, Chief Judge, WIENER and EMILIO M. GARZA, Circuit Judges.

POLITZ, Chief Judge:[*]

Ollen Nugent appeals the 28 U.S.C. § 1915(e)(2)(B)(ii) dismissal of his *pro se*, *in forma pauperis*, 42 U.S.C. § 1983 civil rights action for failure to state a claim. For the reasons assigned, we vacate and remand for further proceedings.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

Nugent, a Texas state prisoner, filed a civil rights complaint against Sheriff Dale Myers, Jail Administrator Sam Presswood, the Walker County Commissioners, and the medical staff of the Walker County Jail, alleging deliberate indifference to serious medical needs in violation of the eighth amendment. Nugent contends that jail personnel failed to assess adequately his medical condition when he entered the facility, failed to treat properly his diabetic condition, and were deliberately indifferent to his medical needs by exposing him to tuberculosis and placing him in administrative segregation after he suffered a diabetic seizure.

After Nugent responded to a questionnaire provided by the district court for a more definite statement, the court ordered Jail Administrator Presswood served with the complaint. Presswood moved for a Rule 12(b)(6) dismissal for failure to state a claim and Nugent moved for summary judgment. The district court denied the motions, and set a **Spears**[1] hearing. Prior to the **Spears** hearing, Presswood moved for summary judgment, submitting copies of Nugent's prison and medical records in support. The court did not entertain the motion, but considered the prison and medical records at the **Spears** hearing. After questioning Nugent, a

_____

[1] **Spears v. McCotter**, 766 F.2d 179 (5th Cir. 1985).

2

representative for the defendants, and defense counsel at the hearing, the court dismissed Nugent's complaint against all named defendants for failure to state a claim.[2]

Nugent timely appealed, and the case was docketed with this court as No. 97-20032. The appeal was subsequently dismissed, however, for failure to pay the filing fee. Thereafter, Nugent filed a second notice of appeal, along with a motion to proceed *in forma pauperis*, which was docketed as the instant appeal. The district court authorized Nugent to appeal *in forma pauperis*, assessing an initial partial filing fee, and the parties filed briefs. Proper procedure dictates that Nugent should have moved for reinstatement of the original appeal, not notice a second appeal. Nevertheless, in an effort to conserve judicial resources given the state of this appeal, we construe Nugent's second notice of appeal as a motion to reinstate the first appeal, grant the same, and entertain the merits under the instant docket number.

## ANALYSIS

Nugent contends that the district court erred in dismissing his complaint for

---

[2] Although Nugent named the Walker County Commissioners in his complaint, the record reveals that the district court construed this party as the Walker County Commissioners Court, which is the appropriate entity in such a suit. Tex. Local Govt. Code § 351.001.

failure to state a claim, asserting that the court should have (1) ordered service of the complaint on all named defendants; (2) allowed discovery to obtain the names of the jail medical staff; and (3) given him an opportunity to amend his complaint to include claims against the defendants in their individual capacities.

We review a § 1915(e)(2)(B)(ii) dismissal under the same *de novo* standard employed to review Rule 12(b)(6) dismissals.[3] All well pleaded averments are accepted as true and viewed in the light most favorable to the plaintiff.[4] "Dismissal is not proper unless it appears, based solely on the pleadings, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[5]

To establish an eighth amendment denial of medical care claim, a prisoner must allege that prison officials were deliberately indifferent to his serious medical needs.[6] To be liable under section 1983, a sheriff or the county's commissioners court[7] must be either personally involved in the acts causing the deprivation of

---

[3] **Black v. Warren**, 134 F.3d 732 (5th Cir. 1998).

[4] **Eason v. Holt**, 73 F.3d 600 (5th Cir. 1996).

[5] **Id.** at 601.

[6] **Estelle v. Gamble**, 429 U.S. 97 (1976).

[7] Texas law requires the county's commissioners court to provide "safe and suitable jails" and makes the county's sheriff "keeper of the county jail." Tex. Local Govt. Code §§ 351.001 and 351.041.

4

constitutional rights, or there must be a causal connection between the constitutional deprivation and a jail policy or the breach of an affirmative duty imposed by state law.[8]

According to Nugent's pleadings and sworn testimony at the **Spears** hearing, he complained of a diabetic condition upon entering the Walker County Jail, but jail officials failed to assess his medical condition and no treatment was rendered. Nugent contends that despite numerous complaints about health problems, he was not taken to the hospital for tests until several months after he was incarcerated. When his blood-sugar level had risen to 968 and he suffered from high blood pressure, Nugent contends he was placed in administrative segregation instead of a requisite medical facility. Nugent asserts that jail officials were deliberately indifferent to his medical needs when they intentionally exposed him to tuberculosis despite his known diabetic condition.

Based on these facts, Nugent alleges that the medical intake policy and procedures at the jail are inadequate and deliberately indifferent to his medical needs, and the defendants breached their duty of keeping the jail safe. He also alleges that his subsequent medical treatment was inadequate and deliberately indifferent to his serious medical needs, resulting in his exposure to tuberculosis

---

[8] **See Lozano v. Smith**, 718 F.2d 756 (5th Cir. 1983).

and in him becoming an insulin dependent diabetic which he previously had not been.

In dismissing the complaint for failure to state a claim, the district court relied on Nugent's prison and medical records, as well as the unsworn testimony of defense counsel.[9] Although district court's have broad discretion in conducting **Spears** hearings, the use of prison and medical records to counter a plaintiff's testimony is inappropriate.[10] In a **Spears** hearing, the district court may make only limited credibility determinations, witnesses should be sworn, appropriate cross-examination should be allowed, and documents should be properly identified and authenticated.[11]

In the case at bar, one of the witnesses was not sworn, no cross-examination was permitted, and prison and medical records were erroneously used to refute Nugent's testimony. In discounting Nugent's allegations, the district court failed to accept as true, as it must, the complaint's well-pleaded or articulated facts.[12]

---

[9] Although the record reflects that the defendants' representative had been previously sworn, there is no indication that defense counsel was ever placed under oath.

[10] **Williams v. Luna**, 909 F.2d 121 (5th Cir. 1990); **Norton v. Dimazana**, 122 F.3d 286 (5th Cir. 1997).

[11] **Norton**, 122 F.3d 286; **Wilson v. Barrientos**, 926 F.2d 480 (5th Cir. 1991).

[12] **Eason**, 73 F.3d 600.

6

From the record before us we are unable to conclude that Nugent can prove no set of facts in support of his claim which would entitle him to relief.[13] Dismissal of the complaint therefore was improper.

APPEAL REINSTATED; judgment appealed is VACATED and the matter is REMANDED for further proceedings consistent herewith.

---

[13] **Wilson,** 926 F.2d 480; **Eason**, 73 F.3d 600.